with intent to inflict upon Elsie Scarlet bodily injury. From judgment sentencing defendant to thirty days in the house of correction "at labor" and to pay a fine of one hundred dollars and costs, etc., defendant brings error.

A. N. GUALANO and GEORGE REMUS, for plaintiff in error.

MACLAY HOYNE, for defendant in error; ZACH HOFHEIMER, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

### Abstract of the Decision.

CRIMINAL LAW, § 384*—*when sentence to house of correction "at labor" may be imposed.* Person convicted of assault with a deadly weapon with intent to inflict bodily injury, without provocation and showing an abandoned and malignant heart, may be sentenced to house of correction "at labor" under J. & A. ¶ 4148, Hurd's R. S. 1911, ch. 38, ¶ 448.

---

### Abe E. Friedman, Defendant in Error, v. Joseph Shuflitowski, Plaintiff in Error.

### Gen. No. 17,532.  (Not to be reported in full.)

Error to the Superior Court of Cook county; the Hon. RICHARD E. BURKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed and remanded. Opinion filed October 9, 1913.

### Statement of the Case.

Action by Abe E. Friedman against Joseph Shuflitowski for damages for personal injuries from alleged assault by defendant upon plaintiff. From a judgment

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

for plaintiff for five hundred dollars, defendant brings error.

J. G. GROSSBERG and GEORGE M. WEICHELT, for plaintiff in error.

HENRY T. CHACE, JR., for defendant in error.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. EVIDENCE, § 423*—*when expert cannot testify as to cause of injury.* Where there is a conflict in the evidence whether plaintiff received an injury as claimed, the opinions of medical witnesses upon that subject are not competent.

2. EVIDENCE, § 471*—*what weight necessary.* The jury are not required in a civil case to be "satisfied" from all the evidence.

3. ASSAULT AND BATTERY, § 7*—*what constitutes self-defense.* An instruction in an action for assault which requires defendant to establish that an act of alleged self-defense was necessary instead of requiring. him to show that it reasonably appeared to be necessary, is erroneous.

4. INSTRUCTIONS, § 62*—*assuming facts.* An instruction in an action for assault, which allows the jury to award exemplary damages if malice has been shown without conditioning it upon defendant's having been found guilty, is erroneous.

---

### James F. Porter, Plaintiff in Error, v. D. E. Delihant Duzeski, Defendant in Error.

### Gen. No. 17,599.

1. JUDGMENT, § 444*—*former adjudication.* Recovery in a suit against husband and wife for use and occupation of premises as a family expense, *held* no bar to a subsequent action against the wife alone on her written lease.

2. LANDLORD AND TENANT, § 310*—*when failure of landlord to relet no defense.* In suit to recover for the actual use and occupation of leased premises, a plea that landlord failed to attempt to reduce the claim by reletting the premises is incompetent.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.